UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELESHA SOTO,<br><br>   Plaintiff,<br><br>   v.<br><br>CHILD PROTECTIVE SERVICES DEPARTMENT, et al.,<br><br>   Defendants. | Case No.  20-cv-6520-JCS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED** |

**I.   INTRODUCTION**

The Court previously ordered Plaintiff Elesha Soto, pro se,[1] to show cause why this action should not be dismissed for failure to pay the filing fee.  Dkt. 4.  Soto has now filed an application to proceed in forma pauperis.  Dkt. 8.  Good cause having been shown, that application is GRANTED.

The Court now reviews Soto's complaint to determine whether the case should go forward under 28 U.S.C. § 1915(e)(2)(B).  For the reasons discussed below, Soto is ORDERED TO SHOW CAUSE why the complaint should not be dismissed, by filing no later than January 22, 2021 either an amended complaint or a response arguing why her current complaint is sufficient. If Soto does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed.

The case management conference previously set for December 18, 2020 is CONTINUED to March 19, 2021 at 2:00 PM.

---

[1] An attachment to Soto's complaint may be intended to name Soto's biological children DGIII and PJG, who are minors, as additional plaintiffs.  *See* Compl. (dkt. 7) at 7.  Minors cannot appear in federal court without representation by a licensed attorney.  *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).  There is no indication that Soto is an attorney admitted to practice in this Court.  Soto therefore cannot assert claims on behalf of her biological children.

## II. ALLEGATIONS OF THE COMPLAINT

Soto's complaint concerns the adoption of her biological children by a couple living in Santa Rosa, California. *See generally* Compl. (dkt. 7).[2] Soto describes the adoption as follows:

> These minor boys were illegally ripped from their home and placed with two illegal immigrants posing as united states citizens with false identities living as a married lesbian LGBT couple in california with altered last names, also to add these womens full legal names or identities were never disclosed by county offices or upon any court documents of the legal justice system, superior courts, 2nd district appellate courts, child protective services or with any city, state or government agency ever documents as of current with the superior courts of sonoma county santo rosa or throughout the state of california within a 31/2 years this case remained open. As this is remains true to this day.

*Id.* at 8 (capitalization and grammar as in original).

In a section of her form complaint addressing "[w]here the events giving rise to [her] claim(s) occur[red]," Soto states:

> Sonoma County clerks office of records legal certified documents birth certificates
> Upon submitted by mail requesting certified copies of birth certificates the Location, addresses, emails, places of contact including forms to submit were completely altered and recessed stating in regards to adopted or guardianship issues needing a court approval during times of covid causing hardships also to mention the efile court system currently in play.

Compl. at 4.

In the section addressing the facts underlying her claims, Soto states:

> Illegal Adoption involving Sonoma county child protective services , Sonoma County Superior Courts , appellate 2nd District Courts San Francisco California. Requesting certified legal copies of birth certificates as a record of events. I am the biological mother to the minor children both males who are ward of the courts until age 18 or sooner. I believe it to be in the best interest and protection of minors I access a legal copy. Steven Consiglio sonoma county attorney appointed by the state to represent mother Elesha Soto. Julia state

---

[2] The Court previously sealed the version of the complaint that Soto initially filed (dkt. 1) for failure to redact names of minors and dates of birth as required by Rule 5.2 of the Federal Rules of Civil Procedure. The Court ordered to Soto to file a redacted version of her complaint complying with that rule. Soto's current complaint replaces the minors' names with initials as required by Rule 5.2, but still includes their dates of birth. *See* Compl. at 8. Because those dates of birth are no longer connected to any person's full name, the Court declines to require further redaction of this document, but Soto is reminded to comply fully with Rule 5.2 going forward, including its prohibition against filing more than the year of any person's birth. *See* Fed. R. Civ. P. 5.2(a)(2).

> attorney appointed to represent minors. DGIII, and PJG annette Johnson state attorney appointed to represent father David Griffin. Current guardians adoptees Tema and lupita no last names ever provided.

*Id.* at 5.  Soto also notes that "[t]his particular case continued and remained open and active from 8/2013 thru 8/2017 in appelett [sic] 2nd district court proceedings in San Francisco California," but "all matters were ignored over ruled illegally and unjustly revoked." *Id.* at 8.

Soto's complaint names as defendants: (1) the Child Protective Services Department in Santa Rosa, California; (2) the Sonoma County Superior Courts; (3) the minor children's adoptive parents, identified only by their first names Tema and Lupita; and (4) Monica Julian, an attorney appointed to represent the minor children.  *Id.* at 2.

## III. ANALYSIS

### A. Legal Standard for Review Under § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face."  *Id.* (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v.*

3

*Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

### B. No Basis for Federal Jurisdiction Is Apparent

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists" over a given claim. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (internal quotation marks and citations omitted). Two of the most common grounds for federal subject matter jurisdiction are "federal question jurisdiction" under 28 U.S.C. § 1331, which allows federal courts to hear claims arising under federal law, and "diversity jurisdiction" under 28 U.S.C. § 1332(a), which allows federal courts to hear claims arising under state law if the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.

Because Soto's complaint does not identify any federal law giving rise to her claims, the case does not appear to fall within "federal question" jurisdiction under § 1331. And while there appears to be complete diversity of citizenship between Soto, who is a resident of Utah, and the defendants, all of whom appear to be California citizens, there is no indication that the amount in controversy exceeds $75,000. The only relief Soto seeks is "to access a certified legal birth certificate for each minor." Compl. at 8.

A plaintiff seeking to invoke a federal court's diversity jurisdiction must affirmatively allege facts showing that the amount in controversy threshold is satisfied. *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016). "'In actions seeking declaratory or injunctive relief [as opposed to monetary damages], it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "In determining the value of injunctive relief in the amount in controversy, the Ninth Circuit considers the value of the injunctive relief to either party in the action." *Ronquillo v. BMW of N. Am., LLC*,

No. 3:20-CV-1413-W-WVG, 2020 WL 6741317, at *4 (S.D. Cal. Nov. 17, 2020) (citing *Ridder Bros. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944)).  Nothing in Soto's complaint indicates that the requested access to birth certificates is worth more than $75,000.  Soto is therefore ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction.

As a separate jurisdictional problem, even if a case would otherwise fall within the Court's jurisdiction under § 1331 or § 1332, federal district courts generally lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (discussing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  This rule is known as the "*Rooker-Feldman* doctrine."  In most cases, the only appropriate means for a federal court to review a decision by the California courts is a petition for certiorari to the U.S. Supreme Court.  Soto's complaint suggests that she seeks to relitigate a case she lost in a California appellate court.  Soto is therefore ORDERED TO SHOW CAUSE why her complaint should not be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine.

### C. Soto's Complaint Does Not Appear to State a Claim

Even if Soto can establish jurisdiction, her complaint identifies no law that would entitle her to access the birth certificates at issue.  While the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for *imperfect* statement of the legal theory supporting the claim asserted," they require at least "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).  Soto's complaint fails to put Defendants on notice of any legal basis for her claim.  Soto is therefore ORDERED TO SHOW CAUSE why the complaint should not be dismissed for failure to state a claim on which relief may be granted.

### IV. CONCLUSION

For the reasons discussed above, Soto is ordered to show cause why this case should not be dismissed for lack of federal subject matter jurisdiction, or for failure to state a claim on which

relief may be granted, by filing no later than January 22, 2021 either an amended complaint or a response to this order arguing that her current complaint is sufficient.

Any amended complaint must include the caption and civil case number used in this order (20-cv-06520) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Soto's original complaint by reference, but instead must include all of the facts and claims Soto wishes to present and all of the defendants she wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Soto, who is not represented by counsel, is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance as she continues to pursue this case. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. Although in-person appointments are not currently available due to the COVID-19 public health emergency, Soto may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a telephonic appointment

**IT IS SO ORDERED.**

Dated: December 15, 2020

JOSEPH C. SPERO
Chief Magistrate Judge